rck

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

UNITED STATES OF AMERICA,           *
              Plaintiff,           *
                                *
        v.                          *
                                *
16 SOUTH FREDERICK STREET, etc.      *
        and                         *     Civil No. WDQ-07-887
CONTENTS OF BANK OF AMERICA          *
CHECKING ACCOUNT 003928151148,       *
              Defendants,           *
                                *
        and                         *
Morgan-Jones, LLC, and               *
MOJO Holdings, LLC,                  *
              Claimants.            *

...ooo0ooo...

## MOTION FOR FINAL ORDER OF FORFEITURE

The United States of America, by and through undersigned counsel, hereby moves for entry of an order of forfeiture, and in support of such motion states the following:

1.   The Verified Complaint for Forfeiture of the defendant property, which, the government submits, sets forth reasonable cause for the forfeiture of the defendant property, was filed on or about April 6, 2007.

2.   In or about April 2007, the United States Immigration and Customs Enforcement arrested, or executed process on, the defendant property.

3.   As the Verified Complaint sets forth, the defendant real property is owned by MOJO Holdings, LLC, and the defendant funds

were seized from a Bank of America account in the name of Morgan-Jones, LLC, T/A Jones Industrial Network.

4.   At the time that the Verified Complaint was filed, MOJO Holdings, LLC, and Morgan-Jones, LLC, were owned by Marjory I. Jones, Daniel Jones, and Michael Morgan. By orders dated March 3, 2008, both Daniel Jones and Michael Morgan forfeited their interests in the two companies to the United States. Copies of the two orders are annexed hereto as **Exhibit A**. MOJO Holdings, LLC, is presently owned 33.33% by Marjory I. Jones and 66.66% by the government, and Morgan-Jones, LLC, is presently owned 25% by Marjory I. Jones and 75% by the government. There are no other owners of the two companies.

5.   In December 2007, as part of the plea agreement with Michael Morgan, the government agreed to release, in this case, a settlement amount of $70,000 of the seized contents of the Morgan-Jones, LLC, checking account to Michael Morgan by check made payable to Miles & Stockbridge as attorneys for Morgan in order to pay off remaining attorney fees.

6.   As is mentioned above, by order dated March 3, 2008, Michael Morgan forfeited his interest in Morgan-Jones LLC to the United States. On or about March 12, 2008, Michael Morgan wrote a check payable to Miles & Stockbridge for attorney fees in the amount of $49,000 drawn against the Morgan-Jones, LLC, checking account, approximately nine days after Morgan had forfeited his

interest in Morgan-Jones, LLC, to the United States.  A copy of the check is annexed hereto as **Exhibit B**.  In order to properly off-set the $49,000 that Morgan took from Morgan-Jones, LLC, without authority, against the $70,000 that the government agreed to release from the funds seized from Morgan-Jones, LLC, the government requests that the forfeiture order direct the seizing agency, Immigration and Customs Enforcement, to release $70,000 of the forfeited funds to Michael Morgan as follows: (1) $49,000 of the $70,000 should be paid to Morgan-Jones, LLC, as reimbursement for the unauthorized March 12, 2008, check, and (2) the remaining $21,000 of the $70,000 should be paid to Miles & Stockbridge as attorneys for Michael Morgan.

7.   On or about June 2, 2008, the government and Marjory I. Jones, individually and in her capacity as part owner of MOJO Holdings, LLC, and Morgan-Jones, LLC, agreed to disposition of the defendant property. A copy of the settlement agreement is annexed hereto as **Exhibit C**.

8.   According to the agreement, the government will release the defendant real property to claimant MOJO Holdings, LLC, and claimant Morgan-Jones, LLC, will submit a check in the amount of $238,958.65 to the government to stand as a substitute asset for the defendant real property.  According to the agreement, the claimants agree to the forfeiture of (1) the defendant $636,851.69 that was seized from the Morgan-Jones, LLC, checking account, and

3

(2) the substitute asset check, and the claimants relinquish all right, title, and interest in all of the funds described in this paragraph.

9. Also according to the agreement, the government will transfer its 66.66% interest in MOJO Holdings, LLC, and its 75% interest in Morgan-Jones, LLC, to Marjory I. Jones.

10. On or about April 26, 2007, and April 22, 2008, notice of the pendency of this case was published in The Baltimore Sun, a newspaper of general circulation in Baltimore City, Maryland. Copies of the advertising certifications are attached hereto as **Exhibit D.**

11. No other claimant has come forward within the time allotted by law for the filing of claims, which is within thirty (30) days of the date of publication. 18 U.S.C. §983(a)(4)(A).

**WHEREFORE,** the United States of America respectfully requests that the Court enter judgment for the United States of America under the terms and conditions of the draft order submitted herewith for the convenience of the Court.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

June 10, 2008                    //s//
Date                             Richard C. Kay
                                 Assistant United States Attorney
                                 36 S. Charles Street
                                 Fourth floor

4

Baltimore, Maryland 21201
Telephone (410) 209-4800

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on June 11, 2008, a copy of the foregoing Motion for Final Order of Forfeiture was mailed first class, postage prepaid to Robert W. Biddle, Esquire, Attorney for Marjory I. Jones, Nathans & Biddle, LLP, 120 E. Baltimore Street, Suite 1800, Baltimore, Maryland 21202.

//s//
Richard C. Kay
Assistant United States Attorney