IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. WDQ 07-0887 |
| 16 SOUTH FREDERICK STREET BALTIMORE, MARYLAND 21202 | * | |
| | * | |
| and | | |
| | * | |
| CONTENTS OF BANK OF AMERICA CHECKING ACCOUNT 003928151148 | * | |
| Defendants, | * | |
| MORGAN JONES, LLC | * | |
| AND | * | |
| MOJO HOLDINGS LLC, | * | |
| Claimants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MICHAEL MORGAN'S MOTION FOR RECONSIDERATION

Michael Morgan, by his undersigned counsel, hereby respectfully requests that the Court reconsider its Order of July 29, 2008, and in support thereof submits the following:

1. This is a civil forfeiture action which originated with the government's Verified Complaint for Forfeiture, filed on April 6, 2007. The government's complaint was directed at funds seized from a Bank of America account in the name of Morgan-Jones, LLC, doing business as Jones Industrial Network, and real property owned by MOJO Holdings, LLC. The forfeiture action arose in connection with the government's investigation of Jones Industrial

Network which focused upon the company's hiring of illegal aliens. At the time the forfeiture action was commenced, Michael Morgan owned 50% of Morgan-Jones, LLC and 33% of MOJO Holdings, LLC. Both Morgan-Jones, LLC and MOJO Holdings, LLC filed claims in the forfeiture action.

2. The civil action was stayed with the consent of all parties, pending the resolution of a parallel criminal investigation. The criminal investigation resulted in an indictment charging Mr. Morgan, another owner of the company, Daniel Jones, and another company employee, Robert Lanahan. All three defendants ultimately pled guilty.

3. As a part of the plea agreement with Michael Morgan, the government agreed to transfer to him $70,000.00. Mr. Morgan was sentenced by this Court on March 3, 2008, at which time the Court ordered his interest in Morgan-Jones, LLC and MOJO Holdings, LLC to be forfeited to the government.

4. On Thursday, June 12, 2008, the government submitted to the Court a Motion for Final Order for Forfeiture. At the time the government filed its Motion, it had not transferred the $70,000.00 to Mr. Morgan as it had agreed to do in the plea agreement. Instead, in the Motion for Final Order of Forfeiture, the government requested that the Court direct that $49,000.00 of the $70,000.00 due to Mr. Morgan be transferred to Morgan-Jones, LLC, instead of to Mr. Morgan personally. At the time the government's Motion was filed, counsel received notice from the Clerk's office that the time for submitting a response to the Motion was June 30, 2008. See Exhibit 1, Docket Entries attached.

5. Before Mr. Morgan had an opportunity to file any response, the Court signed the government' proposed Final Order of Forfeiture, the same day the Motion itself was filed. Counsel for Mr. Morgan contacted the Court's chambers and was advised to file any opposition

promptly.

6. Mr. Morgan filed his Opposition to the Motion for Final Order of Forfeiture on Monday, June 16, 2008, just four days later (including an intervening weekend). In that Opposition, Mr. Morgan contested the government's proposal regarding the disposition of the $70,000.00 the government had agreed to transfer to him. As Mr. Morgan noted in his Opposition, his interest in the $70,000 did not exist at the time the original forfeiture action was instituted, and the government had not filed any pleading in the criminal action to attempt to alter its obligation under the plea agreement. Thus, the Motion for Final Order of Forfeiture was Mr. Morgan's only opportunity to contest the government's proposed disposition of those funds, which was not proposed in its original forfeiture petition.

7. The government responded to Mr. Morgan's Opposition by filing a Motion to Strike Morgan's Opposition, setting forth its reasons why the Court should not grant Mr. Morgan's request.

8. After further briefing by the parties, on July 29, 2008, the Court entered the attached Order (Exhibit 2). In its Order, the Court denied the government's Motion to Strike Morgan's Opposition. At the same time, the Court ruled that "the Final Order of Forfeiture resolved all the issues in this matter." In a footnote to this latter ruling, the Court held that "Morgan was a part owner of Morgan-Jones, LLC and MOJO Holding LLC – the companies subject to the forfeiture action – and a defendant in the related criminal matter. . . .As the Final Order of Forfeiture resolved this case, the Court need not address the standing issue."

9. As the foregoing sequence of events demonstrates, the Court signed the Final Order of Forfeiture *before* Mr. Morgan had an opportunity to interpose his objection. While the Court has denied the government's Motion to Strike that Opposition, the Court has never ruled

on Mr. Morgan's Opposition. While the Court is correct that the Order resolves the forfeiture of the assets seized by the government, the original forfeiture complaint never addressed the $70,000 due to Mr. Morgan, which the government inserted into its Motion at paragraph 6. Put another way, because the original forfeiture complaint did not seek the forfeiture of the $70,000.00 the government promised to transfer to Mr. Morgan in a separate plea agreement, the Final Order should not encompass those funds without giving Mr. Morgan an opportunity to have his objection heard.

For the foregoing reasons, Mr. Morgan respectfully urges the Court to reconsider its July 29, 2008 Order, and to amend the Final Order of Forfeiture to eliminate any reference to the $70,000.00 due to Mr. Morgan.

                                    Respectfully submitted

                                    _____
                                    Dale P. Kelberman
                                    Miles & Stockbridge, P.C.
                                    10 Light Street, Suite 1400
                                    Baltimore, Maryland 21202
                                    (410)-385-3608

                                    Counsel for Michael Morgan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 31st day of July, 2008, that a copy of *Defendant Michael Morgan's Motion for Reconsideration* was filed electronically and mailed first-class mail, postage prepaid to:

>Richard Kay, Esquire
>Assistant U.S. Attorney
>36 South Charles Street
>4th Floor
>Baltimore, Maryland 21201
>
>Robert Biddle
>Bennett & Nathans LLP
>120 E. Baltimore St.
>Ste. 1800
>Baltimore, MD 21202
>
>Counsel for Marjory Jones
>
>Andrew C. White, Esquire
>Silverman, Thompson & White
>201 N. Charles St.
>Ste. 2600
>Baltimore, MD 21201
>
>Counsel for Morgan-Jones LLC
>& MOJO Holdings, Inc.

_____
Dale P. Kelberman